PROB. 12B
(7/93)

# ORIGINAL



## United States District Court

### for the

### DISTRICT OF HAWAII

### Request for Modifying the Conditions or Term of Supervision with Consent of the Offender
(Probation Form 49, Waiver of Hearing is Attached)

Name of Offender:  BRIAN RALEY                Case Number:  CR 02-00201AA-05

Name of Sentencing Judicial Officer:   The Honorable Ann Aiken
                                       U.S. District Judge

Date of Original Sentence:  6/4/2004

Original Offense:   Count 4:  INTERFERENCE OF COMMERCE BY THREATS OR VIOLENCE, in violation of 18 U.S.C. § 1951, a Class C felony

Original Sentence:  Three (3) years probation, with the following special conditions: 1) That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office; 2) That the defendant is prohibited from possessing any illegal or dangerous weapons; 3) That the defendant provide the Probation Office access to any requested financial information; 4) That the defendant shall take all prescription medications ordered by Dr. Myhre and shall not stop taking those medications without Dr. Myhre's approval; and 5) That the defendant participate in a mental health program at the discretion and direction of the Probation Office.

Revocation:  On 7/26/2004, the Court revoked probation for violations that included positive drug tests, failure to participate in drug treatment and mental health treatment, refusal to participate in drug testing, failure to take prescribed medication, failure to follow instructions, and failure to notify change in employment.  The offender was sentenced to 1 month of imprisonment and 3 years of supervised release, with the following special conditions:  1) That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office; 2) That the defendant is prohibited from possessing any illegal or dangerous weapons; 3) That the defendant serve 6 months community confinement, in a community corrections center such as Miller Hale, following release from imprisonment as arranged by the Probation Office.  While serving the term of

Prob 12B
(7/93)

2

community confinement, the defendant may obtain employment and/or enroll in an educational program as approved and directed by the Probation Office. The term of community confinement may be suspended if the defendant enters a residential treatment program as approved by the Probation Office; 4) That the defendant participate in a mental health program at the discretion and direction of the Probation Office; and 5) That the defendant is prohibited from the possession of and use of alcohol.

Type of Supervision:  Supervised Release   Date Supervision Commenced:  8/17/2004

## PETITIONING THE COURT

To modify the conditions of supervision as follows:

General Condition:  *That the defendant shall refrain from any unlawful use of a controlled substance. Shall submit to one drug test within 15 days of the commencement of supervision and at least two periodic drug tests thereafter but no more than 8 valid drug tests per month during the term of supervision (mandatory condition).*

## CAUSE

| Violation Number | Nature of Noncompliance |
| --- | --- |
| 1. General Condition | On 8/4/2006, the offender engaged in Conduct Constituting Operating a Vehicle Under the Influence of an Intoxicant, in violation of HRS § 291E-0061. |
| 2. Standard Condition No. 11. | That the offender failed to notify the Probation Office within 72 hours that on or about 8/4/2006, he was arrested by the Honolulu Police Department. |
| 3. Special Condition No. 5 | That on 2/9/2007, the offender admitted that he had used alcohol on or about 8/4/2006. |

On 2/6/2007, during a criminal records check it was discovered that the offender had been arrested by the Honolulu Police Department (HPD) on 8/4/2006, for Operating a Vehicle Under the Influence of an Intoxicant (OVUII). The offender had not previously reported this arrest.

Prob 12B
(7/93)

3

On 2/9/2007, the offender reported to the Probation Office and readily admitted that on 8/4/2006, he had consumed alcohol. However, he denied driving the vehicle. According to the offender, he was in a vehicle that a friend was driving, and they were involved in a motor vehicle accident. When the accident occurred, the driver had fallen out of the driver's seat as the driver's door opened. The offender reached across from the passenger's seat in an attempt to stop the vehicle from crossing the freeway. His attempt was fruitless, and the vehicle collided into a median on the freeway. According to the offender, because there were outstanding bench warrants for his friend, his friend informed the police officers that the offender was the driver of the vehicle. The offender was arrested for OVUII, and his license has been temporarily suspended until a disposition has been made on the OVUII charge.

According to Police Report No. 06-310423, on 8/4/2006 at 3:15 a.m., HPD officers were dispatched to a motor vehicle accident located on H-1 West/University on-ramp in Honolulu. When the officers arrived to the scene of the accident, they observed the offender and another adult male standing on the grassy median of the H-1. When the officers spoke to the offender about the accident, they observed a strong odor of alcohol. As a result, the police officers administered a field sobriety test with the offender, which he failed. The offender was arrested for OVUII.

During further questioning on 2/9/2007, the offender reported that on 8/3/2006, the day before his arrest for OVUII, his sister's boyfriend of approximately 7 years died in an auto accident (verified). The offender identified the deceased as a close friend. In addition, the offender reported that his medication, which is used to treat his bipolar disorder, had recently been changed and the new medication was causing him to feel paranoid and withdrawn. The offender reported that the change in his medication and his difficulty in coping with his loss was overwhelming. The offender admitted that as a result, on 8/4/2007, he consumed alcohol. In response to the offender's violations, the offender was referred for individual counseling with Freedom Recovery Services (FRS). The offender was also instructed not to drive.

At this time, the offender is pending a court appearance scheduled for 3/2/2007. Should the offender be convicted of the OVUII charge, the Probation Office is not inclined to initiate revocation proceedings because of his otherwise good adjustment, willingness to comply with treatment and the proposed modification.

To the offender's credit, prior to his arrest, he was in compliance with the supervision conditions by completing dual diagnosis treatment at the Queen's Day Treatment Program. All random drug tests submitted were negative for illicit drugs. The offender has been residing in a stable home environment with his parents and has made an effort to maintain employment. In October 2006, the offender enrolled in the Pre-Apprenticeship Construction Training program as a result of his referral to the Probation Office Ho'olana Employment Program. In January 2007, the offender secured full-time employment as an apprentice with Kingdom Builders.

Prob 12B
(7/93)

4

    Nonetheless, as a result of the offender's willingness to re-enroll in substance abuse treatment, his commitment to abstain from alcohol for the remainder of his term until 8/16/2007), and his submittal to increased random drug and alcohol testing, we are recommending that the Court modify the supervised release conditions and impose the aforementioned special condition. Attached is a signed Waiver of Hearing to Modify Conditions of Supervised Release. The offender waives his right to a hearing and to assistance of counsel. The offender agrees to the modification of the conditions of supervised release. The offender's attorney and the U.S. Attorney's Office have been notified of the proposed modification and have no objections to the modification.

Respectfully submitted by,

LISA K.T. JICHA
U.S. Probation Officer

Approved by:

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

Date: 2/26/2007

THE COURT ORDERS:

[X] The Modification of Conditions as Noted Above
[ ] Other

3.5.07
Date

PROB 49
(5/96)

# United States District Court

### District of Hawaii

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release and/or Extend Term of Supervision

    I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

    I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[✓]    To modify the conditions of supervision as follows:

**General Condition:**    *That the defendant shall refrain from any unlawful use of a controlled substance. Shall submit to one drug test within 15 days of the commencement of supervision and at least two periodic drug tests thereafter but no more than 8 valid drug tests per month during the term of supervision (mandatory condition).*

Witness: _____
LISA K.T. JICHA
U.S. Probation Officer

Signed: _____
BRIAN RALEY
Supervised Releasee

2/9/07
Date